**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| V. | ) | ID No. 2010009450 |
| | ) | |
| KADEEM REAMS, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: June 20, 2023
Decided: July 17, 2023

*Upon Consideration of*
*Defendant's Pro Se Motion for Postconviction Relief.*
**DENIED.**

**ORDER**

This 17th day of July, 2023, the Court enters the following Order:

1. Mr. Reams was sentenced in 2009 on three robbery 1st degree counts and one count of conspiracy 2nd degree. For two of the robberies, he received the statutory minimum mandatory 3 years at Level 5. On the third robbery, he was sentenced to 10 years at Level 5 suspended after 3 years at Level 5 for 6 months of Level 4. On the conspiracy 2nd count, he received 2 years at level 5 suspended for 2 years at Level 3 probation. Put more simply, he was sentenced to 9 years in jail followed by probation.

2. Mr. Reams was released from prison in May 2017 and began his probation term. But in March 2019, while on probation, he was arrested for possession of a firearm by a person prohibited ("PFBPP"), which was in violation of his probation. While there is no record as to the disposition of the PFBPP charge, the docket reflects

1

that he was sentenced to 48 days at Level 5 for violating the robbery probation with no further probation to follow. The remaining probation for the conspiracy count was discharged as unimproved.

3.  Then in October, 2020, Mr. Reams got himself involved in a tragic situation that resulted in 2 men being murdered. Although not charged in connection with the homicides, he was indicted and pled guilty to yet another person prohibited firearms charge.

4.  By the terms of 11 Del. C. § 1448(e)(1)(b), a conviction for PFBPP carries:

> Five years at Level V, if the person does so within 10 years of the date of conviction for any violent felony or the date of termination of all periods of incarceration or confinement imposed pursuant to said conviction, whichever is the later date.

5.  Defendant "did so" (possessed the firearm) on October 2, 2020. The date of conviction for the violent felony (robbery 1st degree) was August 10, 2009. He was released from prison in 2017, making the 10 years since the termination of incarceration 2027. In fact, all periods of confinement actually ended when he served 48 days for violating the probation that was imposed pursuant to the violent felony conviction. That violation of probation time happened in March, 2019, less than 2 years before the arrest for PFBPP resulting in this plea.

6.  In the plea agreement in this case, accepted by the Court in May, 2022, the Defendant acknowledged he was subject to the 5 year minimum mandatory cited above. He also understood that the State was "capping" its recommendation at a total

2

of 7 years. That is what he was sentenced to: 5 years on the PFBPP and 2 Years for reckless endangering as a result of the gunplay.

7. The Court explained all this in denying Mr. Reams' previous Rule 35 motion that sought to undo the sentence that was bargained for and received, Defendant has asked the Court to look again, this time under the guise of a Rule 61 motion for post-conviction relief. But the law has not changed. Defendant was properly sentenced after due deliberation, a plea agreement, and a detailed presentence report. Mr. Reams' misunderstanding apparently stems from the 10-year reckoning period under section 1448(e)(1)(b). But it is just that, a misunderstanding. The 10 year reckoning period dates from the completion of the sentence, not from the date of the offense or conviction. He was correct when he pled and was sentenced. He is incorrect now.

Defendant's Motion for Rule 61 relief is **DENIED**.

**IT IS SO ORDERED**.

/s/ Charles. E. Butler
Judge Charles E. Butler

cc:   Prothonotary
      William Leonard, Deputy Attorney General

3